IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA,
GREENSBORO DIVISION

| | |
|---|---|
| NEWELL WINDOW FURNISHINGS, INC, d/b/a LEVOLOR/KIRSCH, <br><br> Plaintiff, <br><br> - vs. - <br><br> NIEN MADE ENTERPRISES CO., LTD., and INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE, <br><br> Defendants. | Civil Action No. _____ <br><br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMAND)** |

For its complaint against Defendants NIEN MADE ENTERPRISES CO., LTD. ("Nien Made") and INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE ("ITRI") (collectively, "Defendants"), Plaintiff NEWELL WINDOW FURNISHINGS, INC. d/b/a LEVOLOR/KIRSCH ("Levolor/Kirsch") hereby states as follows:

### Nature of the Case

1. This is an action for a declaratory judgment of non-infringement of a United States patent. This action is commenced pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and arises under the United States patent laws, 35 U.S.C. § 1, *et seq.*

### Parties

2. Plaintiff Levolor/Kirsch is a division of Newell Window Furnishings, Inc., a Delaware corporation with its principal place of business in High Point, North Carolina. Levolor/Kirsch is a worldwide leader in the design and manufacture of decorative window coverings, including cordless Venetian blinds and cellular shades.

3. Upon information and belief, Defendant Nien Made is a Taiwanese entity with its principal place of business in Taichung, Taiwan, Republic of China. Nien Made is engaged in the manufacture and sale of window coverings, including the sale of window coverings in this judicial district. Nien Made purports to be an owner of U.S. Patent No. 6,024,154, entitled "Venetian Blind Lifting Mechanism Provided With Concealed Pull Cords" (the"'154 patent"). A copy of the '154 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, defendant ITRI is a Taiwanese entity funded by the Ministry of Economic Affairs, Taiwan, Republic of China. ITRA is engaged in the business of soliciting licensing fees from third-parties, including residents of this district, with respect to technologies to which ITRI claims an ownership interest. ITRI purports to be an owner of the '154 patent.

## Jurisdiction

5. This action arises under the patent laws of the United States. 35 U.S.C. § 1, *et seq*. This Court enjoys subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338, and is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

### COUNT I
### Declaratory Judgment of Non-Infringement
### of U.S. Patent No. 6,024,154

6. By letter dated November 13, 2006, Defendants, through their United States litigation counsel, expressly accused Levolor/Kirsch of infringing several claims of the '154 patent. A true and correct copy of the Defendants' letter is attached hereto as **Exhibit B**.

7. In the same letter, Defendants further demanded that, unless by December 4, 2006 Levolor/Kirsch submits to paying Defendants damages plus interest for past sales,

- 2 -

Case 1:06-cv-01047-JAB-RAE   Document 2   Filed 12/04/06   Page 2 of 4

and royalties for future sales, Defendants will proceed further with their infringement claims:

> From the foregoing explanation it should be apparent that the Levelor [*sic*] products infringe the '154 patent. Please tell me by December 4, 2006, whether Newell is willing to accept this license offer for past and future sales at a royalty rate of five percent (5%) of gross sales, plus interest on royalties for past sales.
>
> * * *
>
> If we do not hear from you by December 4, we will understand that Newell does not want a license and will continue to sell the infringing products. We will proceed accordingly.

8. Levolor/Kirsch makes and sells products that Defendants accuse of infringement.

9. Levolor/Kirsch disputes the Defendants' conclusions concerning infringement, and, consequently, Levolor/Kirsch reasonably apprehends that Defendants will act upon their threat to proceed with their infringement claims and commence litigation against Levolor/Kirsch.

10. Consequently, there is an actual case and controversy between Levolor/Kirsch and Defendants concerning weather Levolor infringes any valid claim of the '154 patent.

WHEREFORE, Levolor/Kirsch prays that this honorable Court grant Levolor/Kirsch the following relief:

A. Declare that Levolor/Kirsch does not infringe any valid claim of U.S. Patent No. 6,024,154;

B. If the facts demonstrate that this is an exceptional case pursuant to 35 U.S.C. § 285, order Defendants to reimburse Levolor/Kirsch for its attorneys' fees and costs reasonably incurred in prosecuting this action; and

C. Award Levolor/Kirsch such further relief as this Court deems just and reasonable under the circumstances.

- 3 -

## JURY DEMAND

Levolor/Kirsch hereby demands trial by jury of all issues properly so triable.

This the 4th day of December, 2006.

/s/D. Ross Hamilton, Jr.
D. Ross Hamilton, Jr.
NC Bar No. 21023
TUGGLE DUGGINS & MESCHAN, P.A.
100 North Greene St., Suite 600
Greensboro, North Carolina 27401
(336) 378-1431
Local Counsel for Plaintiff

Jeffrey H. Dean
IL. Bar No. 6210291
John R. Labbé
IL. Bar No. 6277836
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300
Counsel for Plaintiff